1   WO                                                                                    KAB

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Tracy Baker,                              No.   CV 18-08324-PCT-MTL (CDB)

10                          Plaintiff,

11  v.                                        **ORDER**

12  City of Prescott, et al.,

13                          Defendants.

14

15          Plaintiff Tracy Baker brought this civil rights action pursuant to 42 U.S.C. § 1983

16  and Arizona state law.  (Doc. 13.)  Defendant Town of Prescott Valley moves for summary

17  judgment (Doc. 94), and Plaintiff did not file a response.[1]

18  **I.      Background**

19          In her unverified First Amended Complaint, Plaintiff named the City of Prescott,

20  the Town of Prescott Valley, Walmart, Inc., and Wal-Mart Stores East, LP as Defendants.

21  (Doc. 13.)  Plaintiff and Defendants City of Prescott, Walmart, Inc. and Wal-Mart Stores

22  East, LP subsequently entered into a settlement agreement, and the City of Prescott,

23  Walmart, Inc, and Wal-Mart Stores East, LP were dismissed from this action.  (*See* Doc.

24  93.)

25          In her First Amended Complaint, Plaintiff relevantly alleged the following claims

26  against the Town of Prescott Valley: (1) Count II-a *Monell* claim for municipal liability

27  ────────────────

28          [1] The Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) regarding the requirements of a response.  (Doc. 99.)

pursuant to the Fourth, Fifth, and Fourteenth Amendments based on the Prescott Valley Police Department's (PVPD) policies and customs that allow for "racial profiling, deprivation of constitutional rights, and intentional and negligent infliction of emotional distress," and failure to adequately train PVPD Officers; (2) Count IV: a claim pursuant to 42 U.S.C. § 1983 pursuant to the Fourth, Fifth, and Fourteenth Amendments for failure to train, supervise, control, direct, and monitor the members of its police force in their duties and responsibilities; (3) Count VI: a state law negligence claim; (4) Count VIII: a state law claim of false arrest and false imprisonment for allegedly using racial profiling to arrest Plaintiff and detaining her without probable cause; (5) Count IX: a state law claim for instigating or participating in false imprisonment; (6) Count XIII: a state law claim of intentional infliction of emotional distress; (7) Count XV: a state law claim of negligent infliction of emotional distress; and (8) Count XVI: a state law claim of defamation of character/embarrassment.  (Doc. 13.)

## II.    Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything.  *Nissan Fire & Marine Ins. Co.*, *Ltd. v. Fritz Co.*, *Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).  But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant.  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th

1    Cir. 1995).  The nonmovant need not establish a material issue of fact conclusively in its
2    favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however,
3    it must "come forward with specific facts showing that there is a genuine issue for trial."
4    *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal
5    citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

6         At summary judgment, the judge's function is not to weigh the evidence and
7    determine the truth but to determine whether there is a genuine issue for trial.  *Anderson*,
8    477 U.S. at 249.  In its analysis, the court must believe the nonmovant's evidence and draw
9    all inferences in the nonmovant's favor.  *Id.* at 255.  The court need consider only the cited
10   materials, but it may consider any other materials in the record.  Fed. R. Civ. P. 56(c)(3).

11   **III.    Facts**[2]

12        On November 16, 2017, Kleist, an Asset Protection Associate employed by the
13   Prescott Valley Walmart was given a physical description of two suspects suspected of
14   executing a fraudulent scheme at two other Walmart locations in Prescott earlier that day.
15   (Doc. 95 ¶¶ 1-8, 50-51.)  The fraudulent scheme involved deceiving the cashier into putting
16   money onto a pre-paid debit card and then cashing out the pre-paid debit card despite the
17   fact that the suspects did not originally pay to load the money onto the card..  (*Id.* ¶¶ 17,
18   40, 48.)  Kleist was told that the two female suspects were possibly working with a driver.
19   (*Id.* ¶ 6.)  Kleist was given two photographs of the suspects.  (*Id.* ¶ 7.)

20        After being informed to look for the two female suspects, within two to four hours
21   of the crimes at the other two Walmart stores, Kleist observed the suspects (later identified
22   as Tilchrist and Anderson) enter the store accompanied by Plaintiff at approximately 6:39
23   p.m.  (*Id.* ¶¶ 9, 22, 56.)  The three women were "moving faster than people would normally
24   move," putting Kleist on greater alert.  (*Id.* ¶ 23.)

25
26
27        [2] Despite the Court's *Rand* warning, Plaintiff did not respond to the Motion for
     Summary Judgment.  Because Plaintiff failed to file a response or controverting statement
28   of facts, the Court will consider Defendant's facts to be undisputed.  *See* Fed. R. Civ. P.
     56(e)(2).

At 6:40 p.m., Kleist called police dispatch, and Prescott Valley Officer Elenz responded to the call.  (*Id.* ¶ 16.)  Kleist told Elenz about the scam executed at the two other Walmart stores that day and that Plaintiff had entered with the two known suspects and that he had seen them interact.  (*Id.* ¶¶ 17-18.)  Kleist also shared the pictures of Tilchrist and Anderson with Officer Elenz.  (*Id.* ¶ 52.)

At 6:50 p.m., through the Walmart surveillance camera system, Kleist watched as Plaintiff approached Tilchrist and Anderson in the customer service line and engage them in conversation; a man wearing a green jacket was standing behind the three women in the Customer Service line and appeared to take interest in the conversation.  (*Id.* ¶¶ 11-13; 34-35.)  Plaintiff then picked up a piece of paper, did not look at it, put it down, and walked away; Plaintiff appeared to wait for Tilchrist and Anderson, and at 6:54 p.m., the three women all left the store at the same time with Plaintiff never having completed a transaction.  (*Id.* ¶¶ 22, 36.)  Police detained the three women as they exited the store.  (*Id.* ¶ 70.)

Walmart Store Manager Jennifer Forrest advised Kleist that a customer[3] heard Plaintiff tell Tilchrist and Anderson "they're onto you."  (*Id.* ¶ 69.)  Kleist then conveyed the information to Prescott Valley Officer Stambaugh.  (*Id.* ¶ 71.)

Officer Elenz gave the information about the investigation to Prescott Police Officer Lubbers, and Lubbers conveyed to Elenz that the Prescott Police Department was taking over the case from Prescott Valley and asked Prescott Valley to hold the three women and a fourth suspect, Christopher Snyder.  (*Id.* ¶ 109.)  Plaintiff was told that she was being detained for questioning pending an investigation into a money card scheme and was told by Officer Stambaugh that she was not under arrest; Stambaugh placed handcuffs on Plaintiff, took her belongings out of her pockets and put them on the front seat of his car, and placed her in the back of his patrol car.  (*Id.* ¶¶ 97, 98, 115, 134.)  Elenz told Stambaugh

---

[3] The customer that conveyed this information to Forrest was in his 50s, wearing green, and was standing in the Customer Service area with Plaintiff, Tilchrist, and Anderson at the time he heard the comment.  (Doc. 95 ¶¶ 79-89.)

that the Prescott Police Department wanted all four suspects detained until the Prescott Police Department detective arrived at the Prescott Valley Walmart.  (*Id.* ¶ 119.)

When Prescott Police Detective Belling arrived on scene, he asked that Officer Stambaugh transport Plaintiff to the Prescott Valley Police Station and Stambaugh complied with the request.  (*Id.* ¶¶ 120-21.)  Prescott Valley Police Station is across the street from the Prescott Valley Walmart and the drive between the two takes 30 seconds to a minute.  (*Id.* ¶¶ 93-94.)

After Detective Belling interviewed Plaintiff, she told Officer Stambaugh that she believed Plaintiff was not involved in the crimes and that Plaintiff was going to be released from the police station.  (*Id.* ¶ 122.)  Stambaugh offered Plaintiff a ride back to Walmart, which Plaintiff accepted, and Stambaugh drove Plaintiff back to Walmart; Plaintiff sat in the front seat and was not in handcuffs on the ride back to Walmart.  (*Id.* ¶¶ 145-48.)

## IV.   Discussion

### A.   Federal Claims: Counts II and IV

Defendant asserts that it is entitled to summary judgment on Plaintiff's federal claims because Plaintiff has not identified an unconstitutional custom, policy, or practice that was the moving force behind an underlying constitutional violation and there is no evidence that any employee of Prescott Valley was improperly trained or supervised.

To state a claim against a municipality under § 1983, a plaintiff must allege facts to support that her constitutional rights were violated pursuant to a policy, practice, or custom of the municipality.  *Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  *Long v. Cnty. of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006).  Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy

or custom caused the plaintiff's injury.  *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006).

A "decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983."  *Connick v. Thompson*, 563 U.S. 51, 60 (2011).  To support a *Monell* claim for failure to train under § 1983, a plaintiff must allege facts demonstrating that the local government's failure to train amounts to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact."  *Connick*, 563 U.S. at 61 (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Here, there is no allegation of a specific, policy, practice or custom of Prescott Valley that resulted in an alleged violation of Plaintiff's constitutional rights.  Plaintiff did not respond to the Motion for Summary Judgment and did not set forth any legal theory or legal theories on which her *Monell* claims are based.  Even considering the allegations in the unverified First Amended Complaint, it is not clear what policies, practices, or customs Plaintiff seeks to challenge in this action.  Likewise, Plaintiff has not presented evidence that "the need for more or different training [of Prescott Valley's police officers] is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."  *Harris*, 489 U.S. at 390.

Accordingly, summary judgment will be granted in favor of Defendant Town of Prescott Valley as to Plaintiff's federal claims in Counts II and IV.

**B.     State Law Claims**

Defendant argues that it is entitled to summary judgment on Plaintiff's state law claims.  Plaintiff's failure to respond to the Motion for Summary Judgment leaves the Court with a largely undeveloped record as to the theories behind Plaintiff's claims.

Pursuant to 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over [state law claims] if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over

which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Because summary judgment is granted in favor of Defendant Prescott Valley as to Plaintiff's federal claims, the Court declines to continue to exercise supplemental jurisdiction over Plaintiff's state law claims asserted against the Town of Prescott Valley. Accordingly, the state law claims will be dismissed without prejudice.

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is withdrawn as to Defendant's Motion for Summary Judgment (Doc. 94).

(2)     Defendant's Motion for Summary Judgment (Doc. 94) is **granted** as to the federal claims asserted against Defendant Town of Prescott Valley in Counts II and IV and those claims are **dismissed** with prejudice.

(3)     The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims asserted against Defendant Town of Prescott Valley in Counts VI, VIII, IX, XIII, XV, and XVI, and those claims are **dismissed** from this action without prejudice.

(4)     There being no remaining claims or Defendants in this action, the Clerk of Court must enter judgment accordingly.

Dated this 4th day of December, 2020.

Michael T. Liburdi
United States District Judge